UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. GADLIN, <br><br> Petitioner, <br><br> v. <br><br> UNKNOWN, et al., <br><br> Respondents. | Case No. 20-cv-02867-JD <br><br> **ORDER FOR RESPONDENT TO SHOW CAUSE** <br><br> Re: Dkt. Nos. 1, 6 |

Gregory Gadlin, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Alameda County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has also filed a motion to proceed in forma pauperis.

**BACKGROUND**

Petitioner was found guilty of first-degree murder with personal use of a firearm. *People v. Gadlin*, No. A149764, 2018 WL 5816613, at *1 (Cal. Ct. App. Nov. 7, 2018). Petitioner was sentenced to state prison for an indeterminate term of 117 years to life. Petition at 1. The California Court of Appeal affirmed the conviction. *Gadlin*, 2018 WL 5816613, at *1. The California Supreme Court denied review. Petition at 3.

**DISCUSSION**

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) there was insufficient evidence to support the conviction; (2) the trial court erred in failing to exclude a firearms expert from testifying or limiting the scope of the testimony; (3) the trial court erred in giving a jury instruction on flight; and (4) the restitution award was improper. Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1. The motion to proceed in forma pauperis (Docket No. 6) is **GRANTED**. The motion for an extension to file a petition (Docket No. 1) is **GRANTED** in that the Court has reviewed the petition. The Court takes no position regarding the timeliness of the petition at this stage of the case.

2. The clerk shall serve by electronic mail a copy of this order on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The clerk also shall serve a copy of this order on petitioner by regular mail. Respondent can view the petition on the electronic docket (Docket No. 5).

3. Respondent shall file with the Court and serve on petitioner, within eighty-four (84) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due eighty-four (84) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: July 8, 2020

_____
JAMES DONATO
United States District Judge