UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. GADLIN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　Respondents. | Case No. 20-cv-02867-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 11 |

Gregory Gadlin, a pro se state prisoner, filed a habeas petition under 28 U.S.C. § 2254. Respondents filed a motion to dismiss asserting that abstention is appropriate pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), because petitioner is currently pursuing an appeal in the California Court of Appeal. Despite being provided extra time to file a response, petitioner has not filed an opposition or otherwise communicated with the Court since the filing of this case.

## BACKGROUND

Petitioner was found guilty of first-degree murder with personal use of a firearm. *People v. Gadlin*, No. A149764, 2018 WL 5816613, at *1 (Cal. Ct. App. Nov. 7, 2018). Petitioner was sentenced to state prison for an indeterminate term of 117 years to life. Petition (Docket No. 5) at 1. On November 7, 2018, the California Court of Appeal ordered the judgment be modified to strike a $250 probation fee, but otherwise affirmed the conviction. *Gadlin*, 2018 WL 5816613, at *1. On February 13, 2019, the California Supreme Court denied review. Motion to Dismiss ("MTD"), Ex. 4. The claims in this federal petition were exhausted in this first appeal. Petition at 3-19.

On February 22, 2019, petitioner filed a habeas petition with the California Court of Appeal seeking a remand for resentencing for the trial court to exercise its discretion to dismiss the

1  five-year enhancements for having three prior serious felony convictions under the newly
2  amended California Penal Code section 667(a) and the firearm enhancement under the newly
3  amended California Penal Code section 12022.53(h). MTD, Ex. 6. The California Court of
4  Appeal issued an order to show cause returnable to the Alameda County Superior Court why
5  petitioner is not entitled to resentencing under the newly amended California Penal Code section
6  12022.53(h). *Id*., Ex. 7. On May 10, 2019, the California Court of Appeal modified its order to
7  show cause to also consider resentencing under the newly amended California Penal Code section
8  667(a). *Id*., Ex. 8.

On September 5, 2019, the Alameda County Superior Court granted the petition. *Id*., Ex. 9. The superior court held a resentencing hearing on January 29, 2020, where it declined to strike the enhancements for the prior serious felony convictions or the firearm enhancement. *Id*., Ex. 10. The court did strike two one-year prison prior term enhancements, resulting in a 115 year to life sentence. *Id*.

On March 3, 2020, petitioner appealed the resentencing to the California Court of Appeal. *Id*., Ex. 11. Petitioner filed this instant federal habeas petition on April 27, 2020. Docket No. 1. Petitioner is represented by counsel in his state court appeal and the current deadline for his opening brief is January 14, 2021. *People v. Gadlin*, Case No. A159833.

## ABSTENTION

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger*, 401 U.S. at 43-54. The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). These concerns are especially important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Absent extraordinary circumstances, abstention under the *Younger* principle is

required when: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

Here, all of the *Younger* criteria are satisfied. First, the direct appeal in petitioner's criminal case is pending in the California Court of Appeal. Thus, state judicial proceedings are ongoing. Second, state criminal proceedings involve important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, petitioner is not barred from litigating his federal constitutional issues in state court. Fourth, the underlying federal petition threatens to interfere with the state criminal proceedings in a manner that *Younger* disapproves by inserting federal court oversight into an ongoing state criminal proceeding. Accordingly, abstention is appropriate here.

The exhaustion-of-state-remedies rule requires that prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Even when the petitioner has exhausted his state remedies for the claims contained in the federal petition for writ of habeas corpus, *Younger* abstention is appropriate if there still is an appeal pending in state court. *See Sherwood,* 716 F.2d at 634. "When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Id.* Although the claims contained in petitioner' federal habeas petition may have been presented in his first

state court appeal, the existence of his now-pending second state court appeal (following the resentencing proceedings) supports *Younger* abstention in this action.  *See Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("[A] district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending.")

Due to the direct appeal pending in the California Court of Appeal, this action will be dismissed under the *Younger* abstention doctrine.  The dismissal will be without prejudice to petitioner filing a new petition for writ of habeas corpus after his direct appeal is finished.  Because there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus, *see* 28 U.S.C. § 2244(d), petitioner is cautioned to act swiftly to return to federal court with his new petition for writ of habeas corpus when the direct appeal concludes.

**CONCLUSION**

1. Respondent's motion to dismiss (Docket No. 11) is **GRANTED** and this case is **DISMISSED** without prejudice.  Petitioner may file a new petition when the direct appeal concludes.

2. A certificate of appealability ("COA") will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court declines to issue a COA regarding the procedural holding or the underlying claims of the petition.

**IT IS SO ORDERED.**

Dated:  January 6, 2021

JAMES DONATO
United States District Judge